Pearson, C.
 
 J.
 

 The damage complained' of, is the consequence of an obstruction to an easement to which the plaintiff alleges’he is entitled, and we were, at first, inclined to think the proper remedy was an action on the case, but
 
 Bryan
 
 v.
 
 Burnett,
 
 2 Jones’ Rep. 305,
 
 Shaw
 
 v.
 
 Etheridge,
 
 ante 225, settle the question. The- mode of. proceeding by petition, applies to-all cases where damage to land is caused by the erection ©f a mill-dam.
 

 This is the first ease in whi-eh the Court has been called on to put a construction on the statute in respect to'the mode of proceeding, where the
 
 right
 
 of the petitioner is denied, for eases of the kind usually involve questions merely as to- the damages.
 

 The statute provides, Rev. Code, ch.
 
 71,
 
 sec. 12. “If, upon the hearing of any petition, the Court
 
 shall judge the petitioner entitled to relief,
 
 they shall order a writ, &c.,” to have the damages enquired of 6y a jury on- the premises. It seems to have been supposed that the matter of damages would generally be the only question presented, (and this, as we have seen, has been the case,) and no express prevision is made as to the mode in which the owner of the mill is to make defense, so as to raise the question whether the petitioner is
 
 entitled bo relief ¡
 
 but the practice has become general, merely to put in an answer in writing -without regard to form, and without attending to the rules of pleading. The question is: suppose the answer alleges that the land set out in the petition as being damaged by the ponding of the water, is the property of the defendant, so as to raise the question of title, as upon a plea of
 
 liberum
 
 ienemenium, or that the defendant
 
 *421
 
 ibas a license, or has .acquired an easement by prescription, in ■what way are the facte about which the parties are at issue, to be tried, so as to enable the Court to adjudge as to the petitioner’s right to relief? We are of opinion that the mode of trying issues of fact according to the course of the common law, ¡should be pursued; that is, the Court has a jury empanelled to try the issues, and if the verdict be for the petitioner, then the Court adjudges the-jpetitioner entitled to relief; and,
 
 in the {Jowity
 
 Gourt, a writ ef enquiry as to the damages should is-•sue to the sheriff directing him to have it executed on the ¡premises by the view and examination of a jury. Upon ¡¡appeal, the Superior Court .should likewise have the issues of fact tried by. a jury,- and under the act of 1809, a writ of enquiry was issued to enquire of the damages on the premises; but by the aetef 1813, the'.damages are now, in the Superior Court, to be.-assessed by a jury at bar, and of course, when issues of faetare raised, the same jury which tries the issues, will assess the damages, ¡as in other cases. In our case,
 
 the
 
 petitioner alleges that he ¡is entitled to an easement by prescription. This is denied by the defendant, because of theintfancy and coverture of the supposed grantors; and, in ¡the second place, the extent of the easement is put in issue, both in respeet to the size of the ditch, and the seope-ef country the petitioner is entitled to drain by means of the ditch— thus raising issues of fact to he tried by a jury under the directions of the-Gonrt as to the law involved.
 

 The record does not show how the matter was .disposed of "in the'Superior ¡Court; it simply sets out that “this cause is
 
 -heard on the ¡appeal,
 
 and the Court confirms the judgment of the County Court, and direets that the cause %e sent baelt with directions to the County Court to have the damages assessed ¡by a writ of enquiry executed on view of the premises.” So, we are to assume that the Superior Court %,cted without the intervention of a jury. In this, there is error. A jury in that Court should have passed on the facts, and also, have assessed the damages, if under the charge of the Court, they found ia
 
 i&WQi' of the
 
 petitioner, as was done in
 
 Kesler
 
 v. Verble, ante
 
 *422
 
 185, and no question was mad© as to-, the mode of proceeding-. The suggestion that the case should be sent back to the County Court, in order to have a writ of enquiry executed on view of the premises, has nothing to support it, for an appeal is allowed in all cases, which vacates every thing done in the County Court, and- under the act of 1813, in the Superior Court, the damages are to be assessed by a jury at bar, which excludes the idea ©f an intention to give any particular effect to the action of the jury of view which is directed by order of the County Court. The fact is, experience proved that a jury of view did not answer as well as- was anticipated, and under the act of 1813, when a case gets to the Superior Court, the damages are t© be assessed at bar,, so- as to let the jury have the benefit of the instructions of the- Judge, which it is supposed would aid them more than a view of the premises, exposed as they would be, to irregularities and improper influences. There is error.
 

 Per Curiam,
 

 Judgment reversed..